## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                    No. CR 05-2358 JB

MIGUEL RODRIGUEZ-ENRIQUEZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Objection to Presentence Report, filed May 24, 2006 (Doc. 24); and (ii) the Supplement to Objection to Presentence Report, filed May 24, 2006 (Doc. 25).  The Court held a sentencing hearing on June 28, 2006.  The primary issue is whether Defendant Miguel Rodriguez-Enriquez' conviction under Colorado statute Colo. Rev. Stat. 18-3-203(1)(e) is a crime of violence, pursuant to Application Note 2L1.2(1)(B)(iii) of the United States Sentencing Guidelines, an offense under federal, state, or local law that has an element the use, attempted use, or threatened use of physical force against another.  Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will overrule the objection.  Because Colorado case law establishes that force is necessarily an element of § 18-3-203(1)(e) and because the Court concludes that such force involves physical force against another, the Court will overrule the objection and enhance Rodriguez-Enriquez' offense level by sixteen levels.

## FACTUAL BACKGROUND

According to the Information in state court, Rodriguez-Enriquez pled guilty to Assault 2 -

Drugging Victim, a class 4 felony on November 27, 2001, and was sentenced on January 15, 2002. See Judgment of Conviction at 1 (dated January 15, 2002).  According to the Presentence Investigation Report ("PSR"), which relies on state court records, on October 6, 2001, an officer from Brighton Police Department in Brighton, Colorado was dispatched to a residence in regards to a stabbing.  See PSR ¶ 27, at 10 (disclosure date January 23, 2006).  The officer arrived at the residence and noticed a male, later identified as Pablo Guerra, laying on the floor inside the residence. See id.  The officer noticed blood on Guerra's shirt and a laceration about one inch long on Guerra's abdomen.  See id.

Guerra told the officer he was stabbed by a man named Miguel, later identified as Rodriguez-Enriquez.  See id.  Guerra gave the officer Rodriguez-Enriquez' address and telephone number, and advised the stabbing occurred at Rodriguez-Enriquez' residence.  See id.  Guerra was transported to a hospital, and surgery was conducted on Guerra because of the serious condition of the assault wound.  See id.

A short time later, the officer went to Rodriguez-Enriquez' residence and found Rodriguez-Enriquez sitting in the vehicle.  See id.  Rodriguez-Enriquez identified himself as Jose Rodriguez, but witnesses from inside the residence told the officer Jose's real name was Miguel Rodriguez-Enriquez, with a date of birth of September 26, 1974.  See id.  Rodriguez-Enriquez was then arrested and taken to the police department for questioning.  See id.

Rodriguez-Enriquez waived his Miranda rights and told a detective he was drinking alcoholic beverages with Guerra at a park.  See id.  Rodriguez-Enriquez advised he then drove himself and Guerra back to their residence when Guerra told him he wanted a ride to another friend's residence. See id.  Rodriguez-Enriquez told Guerra he did not want to drive him there because he had been

-2-

consuming alcoholic beverages.  See id.

Rodriguez-Enriquez advised that Guerra then punched him, and Rodriguez-Enriquez fell to the ground while there was a struggle for his car keys.  See id.  Rodriguez-Enriquez further reported that Guerra then kicked him in the face, causing a laceration to the inside of his lip.  See id. Rodriguez-Enriquez then stood up and told Guerra to calm down and to get some rest.  See id.

Rodriguez-Enriquez indicated that Guerra still insisted on getting a ride to a friend's house. See id.  Rodriguez-Enriquez then walked around to the back of his car and grabbed a seven-inch blade knife from his vehicle.  See id.  Rodriguez-Enriquez reported he concealed the knife, and told Guerra he would not take him there; Guerra then charged at him.  See id.  Rodriguez-Enriquez then stepped back and thrust the knife into Guerra's abdomen.  See id.

Rodriguez-Enriquez was represented by counsel throughout the state proceedings.  See id. According to the Information, he was originally charged with Assault in the First Degree.  See id. On January 15, 2002, Rodriguez-Enriquez was convicted of Assault 2-Drugging Victim, a class 4 felony, in Adams County District Court, Brighton, Colorado.  See id. (citing Case No. D0012001 CR002283); Judgment of Conviction at 1.

Rodriguez-Enriquez was sentenced to four years imprisonment, followed by three years parole.  See PSR ¶ 27, at 10; Judgment of Conviction at 1.  Rodriguez-Enriquez was released to the INS on December 14, 2004.  See PSR ¶ 27, at 10.  He was subsequently deported on January 6, 2005.  See id.  His projected parole discharge date is December 14, 2007.  See id.

Border Patrol arrested Rodriguez-Enriquez for the crime charged in this federal case on August 8, 2005 near Columbus, New Mexico.  See id. ¶ 4, at 3.

## PROCEDURAL BACKGROUND

Rodriguez-Enriquez entered a plea to the charges of Reentry of Deported Alien Previously Convicted of an Aggravated Felony on October 28, 2005.  See Plea Agreement, filed October 31, 2005 (Doc. 13).  Pursuant to the plea agreement with the United States, Rodriguez-Enriquez did not waive his right to seek further departure at sentencing.  See generally Plea Agreement.

In paragraph 11, of the PSR, the United States Probation Office ("Probation") has concluded that the prior conviction for Assault-Drugging Victim is a crime of violence which enhances the base level of eight an additional sixteen levels.  See PSR ¶ 11, at 4.  Probation concluded that the conviction on October 6, 2001 for Assault 2 - Drugging Victim (Class 4 Felony) in Colorado is a crime of violence under 2 L1.2(b)(1)(B), which results in a sixteen-level enhancement from the base offense level of eight.  See id.  The enhanced level is twenty-four.  See id.

Rodriguez-Enriquez represents that the United States did not offer him a "fast track" plea because the Guidelines considers the prior conviction to be a crime of violence.  Objection to Presentence Report at 1.  Rodriguez-Enriquez, pursuant to U.S.S.G. § 6 A1.3, files this objection to the PSR, stating that Probation has incorrectly applied U.S.S.G. § 2L1.2(b)(1)([A]).  See id. Rodriguez-Enriquez argues that the final offense level should be thirteen and the criminal history category V, which results in a sentencing range of 30 to 37 months.  See id.

## APPLICATION NOTE 2L1.2(1)(B)(iii) AND THE CATEGORICAL APPROACH

Application note 2L1.2(1)(B)(iii) states:

"Crime of violence" means any of the following: murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

In <u>United States v. Perez-Vargas</u>, 414 F.3d 1282 (10th Cir. 2005), the United States Court of Appeals for the Tenth Circuit addressed an issue similar to that here, in that the predicate conviction was also a Colorado statute, and the issue before the court was whether third-degree assault was a crime of violence under Colorado law.  <u>See</u> 414 F.3d at 1283-84.  The Tenth Circuit applied the "categorical" approach.  <u>Id.</u> at 1284-86.  Under the categorical approach, a court looks first to the statutory language of the prior conviction.  <u>See id.</u> at 1284.  If the statutory language is "ambiguous, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the sentencing court."  <u>Id.</u> (citation and internal quotations omitted).

In <u>United States v. Calderon-Pena</u>, 357 F.3d 518 (5th Cir. 2003), <u>rehearing en banc</u>, 383 F.3d 254, <u>cert. denied</u>, 543 U.S. 1076 (2005), the United States Court of Appeals for the Fifth Circuit recognized, concerning poison, in dicta, that "[w]here there is a bodily injury, there is some sort of accompanying use of force -- whether obviously, through use of an automobile as a weapon (as in this case), or through more subtle means, such as, for example, poison, or even subjecting a victim to disease."

## COLO. REV. STAT. § 18-3-203(1)(e)

The statute of conviction for Rodriguez-Enriquez is Colo. Rev. Stat. 18-3-203(1)(e), which provides:

(1)     A person commits the crime of assault in the second degree if:

* * * *

(e)     For a purpose other than lawful medical or therapeutic treatment, he

> intentionally causes stupor, unconsciousness, or other physical or
> mental impairment or injury to another person by administering to
> him, without his consent, a drug, substance, or preparation capable of
> producing the intended harm . . . .

Colorado courts have interpreted this statute as requiring the application of force.  See State of
Colorado v. Allaire, 843 P.2d 38 (Colo. Ct. App. 1992).  In State of Colorado v. Allaire, the court
stated:

> Black's Law Dictionary 580 (5th ed. 1979) defines force as "constraining power,
> compulsion; strength directed to an end." Webster's Third New International
> Dictionary 887 (1981) defines force as "power, violence, compulsion, or constraint
> exerted upon or against a person or thing." See People v. Gallegos, 193 Colo. 108,
> 563 P.2d 937 (1977).
>
> Use of drugs to cause stupor, unconsciousness, or other physical or mental
> impairment or injury inherently involves constraint or compulsion.  It is an application
> of force, although by chemical rather than mechanical means. See 6A C.J.S. Assault
> and Battery § 66 at 435 (1975). See also 2 C. Torcia, Wharton's Criminal Law § 184
> (14th ed. 1979).  Thus, we conclude that an assault under § 18-3-203(1) (e) does
> involve force or violence.

Id. at 40.  Because the Colorado court found that 18-3-203(1)(e) involves force, it also concluded
that: "[A]ll of the relevant means by which second degree assault, as a class four felony, can be
committed involve the use of force . . . ." Id.

## ANALYSIS

Rodriguez-Enriquez objects to the characterization of his prior Colorado state conviction for
Second Degree Assault as a crime of violence meriting a sixteen-level enhancement.  Rodriguez-
Enriquez' position is that the conviction in 2001 is not a crime of violence and that, therefore, 2L
1.2(b)(1)(C) is the applicable guideline, which results in an enhancement of eight levels.

The issue is whether the elements of the Colorado state crime of Second Degree Assault
embody the use of physical force, attempted use of physical force, or threatened use of physical force

against another person to merit the sixteen-level enhancement under § 2L1.2(b)(1)(A) as explained in Application Note 2L1.2(b)(1)(A)(iii).   The parties agree that the statute of conviction for Rodriguez-Enriquez -- Second Degree Assault -- is not one of the enumerated crimes in the application note.  See Objection to Presentence Report at 1; United States' Response to Defendant's Objection to Presentence Report Filed May 24, 2006, (Doc. 27).  The categorical approach thus applies in determining whether the elements of Rodriguez-Enriquez' prior conviction properly embody a crime of violence.  See United States v. Perez-Vargas, 414 F.3d at 1284.

Given the Colorado Court of Appeals decision in State of Colorado v. Allaire, there can be little dispute that a conviction under 18-3-203(1)(e), requires force.  The question is whether that force which is required under 18-3-203(1)(e) must necessarily involve "physical force" as the Sentencing Guidelines use that phrase.  The Court concludes that 18-3-203(1)(e) necessarily does require physical force.

Poisoning is one of the most pernicious and despicable crimes, because the attacker's purposeful actions can bring about the victim's demise.  Poisoning is a crime of lying in wait, an ambush, and an assault in which the defendant lacks the stomach to face the victim directly.

There is no dispute that Rodriguez-Enriquez caused harm by his volitional and purposeful acts.  The degree of physical force used against another may be minimal, however, because it may entail just a magician's slip of a wrist to drop a drug into a drink, the treacherous smile of innocently offering to another some item that has been drugged, or the intentional placing of something attractive in the way of another and slinking away before it is consumed.  Nevertheless, it is not the degree of physical force that is the focus of this enhancement, but the intent to cause harm to another through the use, attempted use, or the threatened use of physical action.  The question is whether

there was any use of physical force.

Without looking at the specific offense in this case, and focusing on the elements, Rodriguez-Enriquez' conviction demonstrates the use of some action to threaten harm to another person. The Colorado court found that the elements of the offense involved force, and the Court agrees with the Colorado court and the Fifth Circuit that some force was used. The drug did not enter his victim spontaneously. He introduced it in some way, and it is capable of producing harm. Thus, the action involved in the Colorado statute is force.

The Court also concludes that the offense entails the use of physical force. The drug has to be administered in some physical manner. Again, the drug does not enter the victim's body spontaneously, but necessarily involves some type of physical action. There could perhaps be force that is not physical -- such as psychological, emotional, or religious. But here, the defendant must do something physical to poison and to harm. Because the Court finds that the prior conviction involved the use of force, and because that force is necessarily physical, the Court will overrule the objection.

**IT IS ORDERED** that the Defendant's Objection is overruled.

_____
UNITED STATES DISTRICT JUDGE

-8-

*Counsel:*

David C. Iglesias
    United States Attorney for the District
        of New Mexico
William J. Pflugrath
    Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Angela Arellanes
Albuquerque, New Mexico

*Attorney for the Defendant*