**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                  No. CR 05-2358 JB

MIGUEL RODRIGUEZ-ENRIQUEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Sentencing Memorandum, filed April 21, 2008 (Doc. 42)("Motion"). The Court held a re-sentencing hearing on May 1, 2008. The primary issues are: (I) whether the Court should enhance Defendant Rodriguez-Enriquez' base offense level by 8 levels because his prior conviction for Assault 2 -- Drugging Victim, a 4th Degree Felony, is a conviction for an aggravated felony or should enhance the base offense level by 4 levels because the conviction is "any other felony;" and (ii) what the appropriate sentence for Rodriguez-Enriquez is. For reasons stated on the record at the hearing, and for reasons stated herein consistent with those stated at the hearing, and because the Court concludes that Rodriguez-Enriquez' prior state conviction is not an aggravated felony, the Court will enhance Rodriguez-Enriquez' base offense level by 4 levels and sentence him to time served.

**PROCEDURAL BACKGROUND**

On April 28, 2008, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR"). Paragraph 8 of the PSR sets forth Rodriguez-Enriquez' statement of acceptance of responsibility: "I, Miguel Rodriguez-Enriquez, state that on or about August 8, 2005,

I was found in the United States without permission from the United States Government after having been deported for an aggravated felony. I take full responsibility and I am sorry." PSR ¶ 8, at 4.

In paragraph 11 on page 4, the PSR stated:

**Specific Offense Characteristic:** Pursuant to 2L1.2(b)(1)(D), if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony, <u>increase by four levels</u>. The defendant was convicted on January 15, 2002, of Assault 2-Drugging Victim, a 4th Degree Felony, punishable by a maximum term of imprisonment of six years. The defendant was convicted of this crime in Adams County District Court, Brighton, Colorado, Case No. D0012001CR002283 and was sentenced to four years imprisonment followed by three years parole. The defendant was subsequently deported on January 6, 2005.

PSR ¶ 11, at 4 (emphasis added). Accordingly, the PSR enhanced Rodriguez-Enriquez' offense level by 4 levels, resulting in a total offense level, after a reduction of 2 levels for acceptance of responsibility, of 10. <u>See</u> <u>id.</u> ¶ 17, at 5. An offense level of 10, with a Criminal History Category of V, produces a guideline range of 21 to 27 months. <u>See</u> PSR, Part D, Sentencing Options, at 17.

Rodriguez-Enriquez filed an Objection to Presentence Report on May 24, 2005. <u>See</u> Objection to Presentence Report at 1, filed May 24, 2006 (Doc. 24)("Objection"). In his objection, Rodriguez-Enriquez stated: "The final offense level should be thirteen (13), criminal history category V which results in a sentencing range of 30 to 37 months." Objection at 1. Specifically, Rodriguez-Enriquez argued: "Therefore 2L1.2(b)(1)© is the applicable guideline which results in an enhancement of eight (8) levels." Objection at 1. And the final sentence of the Objection states: "Therefore, an eight (8) level enhancement is applicable." Objection at 3.

The United States Court of Appeals has found that Colorado's assault second degree -- drugging does not merit the 16-level upward adjustment as a crime of violence. <u>See</u> <u>United States v. Rodriguez-Enriquez</u>, 518 F.3d 1191, 1195 (10th Cir. 2008). It did not, however, address whether Rodriguez-Enriquez' crime was an aggravated felony under 8 U.S.C. § 1101(a)(F).

-2-

The United States has submitted a sentencing memorandum to assist the Court on Rodriguez-Enriquez' re-sentencing.  <u>See</u> Motion at 1.  The United States persists in its agreement to recommend that the Court sentence Rodriguez-Enriquez at the low end of the correctly calculated Guideline range.  <u>See</u> Motion at 2; Plea Agreement at 5, filed October 31, 2005 (Doc. 13)("Plea Agreement").  Nevertheless, the United States feels the legal issue is sufficiently close that it will not oppose the Court if it elects to find Rodriguez-Enriquez' prior conviction was neither a crime of violence nor an aggravated felony, and it will concur on the record with the Court's finding either way.  <u>See</u> Motion at 2.

When the United States filed its sentencing memorandum, it was unknown if the United States Probation Office would provide their assessment what the guideline range should be, which would then permit the parties to make their arguments.  The PSR was re-disclosed on April 28, 2008.  <u>See</u> PSR at 1.

## LAW REGARDING DEFINITION OF AGGRAVATED FELONY

U.S.S.G. § 2L1.2(b)(1) provides the Specific Offense Characteristic for Unlawfully Entering or Remaining in the United States:

(1)   Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after --

\* \* \* \*

©   a conviction for an aggravated felony, increase by <u>8 levels</u>;

(D)   a conviction for any other felony, increase by <u>4 levels</u>.

U.S.S.G. § 2L1.2(b)(1)(emphasis added).  The Commentary's Application Notes give guidance for Application of Subsection (b)(1)©.  The "Definitions" state: "For purposes of subsection (b)(1)©,

"aggravated felony" has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)), without regard to the date of conviction for the aggravated felony."

The applicable definition of an aggravated felony in Title 8 is tied to 18 U.S.C. § 16.  18 U.S.C. § 1101(a)(43)(F) provides:

> The term "aggravated felony" means --
>
> * * * *
>
> (F)   a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment at least one year.

18 U.S.C. § 16 provides:

> (a)   an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.  Thus, § 16(b) encompasses any felony offense "that, by its nature, involves a substantial risk that physical force against the person . . . of another may be used in the course of committing the offense."

## ANALYSIS

Because the Court concludes that Rodriguez-Enriquez' prior state conviction is not an aggravated felony, the Court will enhance Rodriguez-Enriquez' base offense level by 4 levels and sentence him to time served.

**I.   THE COURT WILL ENHANCE RODRIGUEZ-ENRIQUEZ' BASE OFFENSE LEVEL BY FOUR LEVELS.**

The initial issue before the Court is what that Guideline range should be.  The United States

contends that, unlike § 16(a) and U.S.S.G. § 2L1.2, this subsection focuses on the nature of the offense instead of the elements, and it includes conduct that "may be used" while committing the offense. Motion at 2. The United States "feels the legal issue is sufficiently close that it will not oppose this Court if it elects to find that defendant's prior conviction was neither a crime of violence nor an aggravated felony, and it will concur on the record with this Court's finding either way." Id. The USPO recommended a 4-level increase in Rodriguez-Enriquez' base offense level for his January 15, 2002 conviction for Drugging a Victim under Colorado law. See PSR ¶ 11, at 4. Rodriguez-Enriquez originally argued that an 8-level increase was authorized under U.S.S.G. § 2L1.2. See Objection at 1. At the May 1, 2008 hearing, however, Rodriguez-Enriquez contended that the USPO's recommendation is correct. See Transcript of Hearing (taken May 1, 2008)("Tr.") at 3:21-22 (Arellanes).[1] Rodriguez-Enriquez' counsel explained that, at the time she filed Rodriguez-Enriquez' objections to the PSR, she "was under the assumption that [the Colorado conviction] was an aggravated felony." Id. at 3:22-24 (Arellanes).

      The Court will overrule the United States' objection to the enhancement of Rodriguez-Enriquez' offense level by 4-levels, to the extent that the United States is objecting to the enhancement. See Motion at 2 (stating that "[t]he United States feels the legal issue is sufficiently close that it will not oppose this Court if it elects to find that [Rodriguez-Enriquez]' prior conviction was neither a crime of violence nor an aggravated felony, and it will concur on the record with this Court's finding either way."). The Tenth Circuit has indicated that 18 U.S.C. § 16(b) requires that the element requiring force in the Colorado statute must be synonymous with destructive or violent force. See United States v. Rodriguez-Enriquez, 518 F.3d at 1193 (internal quotations omitted).

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

The elements of the Colorado drugging statute, Colo. Rev. Stat. 18-3-203(1)(e), do not clearly indicate that it necessarily requires destructive or violent force. Thus, the drugging offense is not categorically a crime of violence per se under 18 U.S.C. § 16(b). The Court does not believe that it is clear that drugging involves a substantial risk. Given the Tenth Circuit's construction of the Colorado drugging offense under 18 U.S.C. § 16, the Court believes that a 4-level enhancement is appropriate.

## II.    THE COURT WILL SENTENCE RODRIGUEZ-ENRIQUEZ TO TIME SERVED.

As of May 1, 2008, Rodriguez-Enriquez had been in custody for 998 days. See Tr. at 5:1-5 (Probation Officer). Rodriguez has served 32 months and 24 days. See id. The resulting guideline imprisonment range for Rodriguez-Enriquez' offense level of 10 is twenty-one to twenty-seven months. See PSR at 17. Rodriguez-Enriquez illegally reentered the United States after previously being deported after conviction for a felony. The Court will impose a sentence, within the applicable guideline range, of time served or a term of 998 days, whichever is less on Rodriguez-Enriquez.

**IT IS ORDERED** that the suggestion in the United States' Sentencing Memorandum that the Defendant's conviction for Assault 2 - Drugging Victim, a 4th Degree Felony, is an aggravated felony is denied. The Court will apply a 4-level enhancement to Rodriguez-Enriquez' offense level and sentence the Defendant to time served.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney for the
    District of New Mexico
Bill Pflugrath
Kimberly Brawley
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Angela Arellanes
Albuquerque, New Mexico

    *Attorneys for the Defendant*